UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10427-GAO

JOSE ALBERTO QUINONES,
Petitioner,

v.

YOLANDA SMITH,
Superintendent of Suffolk County House of Corrections,
Respondent.

OPINION AND ORDER
May 3, 2016

O'TOOLE, D.J.

The petitioner, Jose Alberto Quinones, a citizen of the Dominican Republic, was detained by Immigration and Customs Enforcement ("ICE") on January 13, 2016, and remains in ICE custody pending the outcome of ongoing removal proceedings. His immediate custodian is the respondent, Yolanda Smith, the superintendent of the Suffolk County House of Corrections, the facility in which the petitioner is currently being detained. The petitioner challenged his continued custody at a redetermination hearing before an immigration judge on February 29, 2016. See 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19(a). The immigration judge concluded that the petitioner "pose[d] a danger to the community" and denied release of the petitioner on bond. (See Resp't's Answer to Pet., Ex. B, Mem. Concerning the Feb. 29, 2016, Decision of the Immigration Ct., at 4 (dkt. no. 11-2) [hereinafter Redetermination Decision].)

At the redetermination hearing, the petitioner argued that the government, and not he, should be required to bear the burden of proof on the issue of dangerousness to the community. The immigration judge noted:

> Board [of Immigration Appeals] precedent and the Attorney General's regulations, which the Court is obligated to apply in the absence of contrary authority, expressly provide that in custody redetermination proceedings, "The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond." See In re Guerra, 24 I. & N. Dec. at 40; see also 8 C.F.R. §1003.19(h)(3) . . . . The Court further found that even if the Court were to accept the [petitioner's] argument and place the burden of proof on [the government] in the [petitioner's] custody redetermination hearing, [the government] established that the [petitioner] constitutes a danger to the community.

(Redetermination Decision, at 4 n.2.)

By his present petition for a writ of habeas corpus, Quinones requests either immediate release or, alternatively, for a new redetermination hearing. See 28 U.S.C. § 2241. The government has moved to dismiss the petition, and the parties were heard in oral argument.

The petitioner seeks a legal ruling[1] that in a bond redetermination hearing the government, not the petitioner, must satisfy the burden of proof on the issue of dangerousness. He further argues that he should then be given a second redetermination hearing at which that burden is applied. The record reflects, however, that he has already received such a hearing. The immigration judge specifically stated that he *did* consider whether, with the burden of proof assumedly placed on the government, the government had established that the petitioner was a danger to the community. The judge concluded that the government succeeded in carrying its burden in that respect.[2] The petitioner has therefore obtained a decision applying the burden of proof allocation that he asserts is the right one.

---

[1] A court may resolve a "pure question of law" on habeas review under § 2241. See INS v. St. Cyr, 533 U.S. 289, 306–08, 314 (2001); see also Saint Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003).

[2] The immigration judge's weighing of the evidence and conclusions are not subject to judicial review. See 8 U.S.C. § 1226(e).

Under these circumstances, the petition does not present a case or controversy within the meaning of Article III. See U.S. Const. art. III, § 2. The legal question presented by the petitioner—Who bears the burden of proof?—lacks "character as a present, live controversy of the kind that must exist if [courts] are to avoid advisory opinions on abstract propositions of law." See Hall v. Beals, 396 U.S. 45, 48 (1969); see also Cotter v. City of Boston, 323 F.3d 160, 173 (1st Cir. 2003). The relief he seeks—a redetermination hearing where the evidence is considered on the assumption that the government bears the burden of proof—has already been had by reason of the immigration judge's explicit consideration of that question.

The respondent's Motion to Dismiss (dkt. no. 12) is GRANTED. The petition for a writ of habeas corpus (dkt. no. 1) is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge